IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN BISHOP | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-4903 |
| | : | |
| JON FISHER, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                      **March 23, 2020**

Pro se Petitioner Shawn Bishop seeks relief from his state custodial sentence pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Lynne A. Sitarski issued a Report & Recommendation (R&R) recommending this Court deny Bishop relief because his claims are procedurally defaulted, meritless, and noncognizable on habeas review. Bishop now objects to the R&R's recommendation. Because the Court finds no error in the R&R's analysis and Bishop's objections meritless, the Court will overrule the objections, approve and adopt the R&R, and deny the petition.

**BACKGROUND**

On November 12, 2003, following a jury trial in the Philadelphia County Court of Common Pleas, Bishop was found guilty of first-degree murder and criminal conspiracy to commit murder. He was sentenced to an aggregate term of life imprisonment. Bishop timely appealed his judgment of sentence to the Pennsylvania Superior Court. The Superior Court affirmed. Bishop did not initially appeal this decision to the Pennsylvania Supreme Court.

On July 21, 2006, Bishop sought collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9501, et seq. Counsel was appointed to represent Bishop. On October 22, 2007, the PCRA court granted Bishop limited relief, reinstating his right to appeal his judgment of sentence to the Pennsylvania Supreme Court. On April 22, 2008, the Pennsylvania Supreme Court denied Bishop's petition for allowance of appeal. Bishop subsequently filed two

additional PCRA petitions in 2006 and 2014. In both petitions counsel was appointed to represent Bishop. The PCRA court denied both petitions, and the Superior Court subsequently affirmed..

On August 13, 2014, Bishop filed the instant Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. The petition asserts seven grounds for habeas relief including Sixth Amendment compulsory process and ineffective assistance of counsel claims. On June 5, 2019, Judge Sitarski issued the R&R, which recommends the Court deny Bishop's petition with prejudice and dismiss it without an evidentiary hearing because it raises procedurally defaulted, meritless, and noncognizable claims. On July 5, 2019, Bishop filed objections to the R&R pursuant to 28 U.S.C. § 636(b)(1). On September 12, 2019, Bishop filed a supplement to his objections.[1]

**DISCUSSION**

Because the Court finds no error in the R&R's analysis and Bishop's objections meritless, the Court will overrule the objections. The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Bishop's objections are duplicative of the arguments he raised in his habeas petition and briefing. In the R&R, Judge Sitarski gave careful and thorough consideration to each of Bishop's claims. After de novo review of the record, the R&R, and Bishop's objections, the Court finds no error in the R&R's analysis of Bishop's claims. The Court will therefore overrule Bishop's objections for the reasons stated in the R&R. The Court will, however, briefly address Bishop's argument that the R&R erred in finding his Sixth Amendment compulsory process claim unexcused from procedural default.

---

[1] Although the supplement to his objections was filed outside of the 14-day period for Bishop to timely object to the R&R, *see* Local R. Civ. P. 72.1(IV)(a), the Court has nevertheless considered them, *see Perez-Barron v. United States*, No. 09-0173, 2010 WL 3338762, at *1 (W.D. Pa. Aug. 23, 2010) (considering objections to a report and recommendation even though they were untimely filed).

In ground one of the petition, Bishop asserts his Sixth Amendment right to compulsory process was violated when the trial court prevented the parents of his co-defendant, Kamil McFadden, from testifying about an alleged conversation with unavailable government witness, Harry Gadson.[2] *See* Pet. 1, App. A. The R&R found this claim procedurally defaulted because it was not previously presented in state court. Further, the R&R determined this claim is not excused from procedural default because Bishop failed to show (1) cause for the default and actual prejudice; or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 452–53 (2000). The R&R alternatively found that, even if this claim is excused from procedural default, it is meritless because the proffered testimony was properly excluded as hearsay and Bishop failed to show how this exclusion violated his constitutional rights. Bishop objects based on the arguments stated in his reply brief in support of his habeas petition. He asserts "[a] criminal defendant has a constitutional right to present a defense, and present witnesses in his favor." Reply in Supp. of Pet. 23. The Court finds no error in the R&R's analysis because Bishop has not demonstrated this claim is excused from procedural default and, even assuming it is excused, it is meritless and he is not entitled to relief.

Initially, Bishop has failed to show this claim is excused from procedural default. As noted, there are two exceptions from procedural default: (1) cause and prejudice, and (2) a fundamental miscarriage of justice. To demonstrate cause and prejudice, Bishop must show his failure to present this claim to the state court resulted from "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *See Slutzker v. Johnson*, 393 F.3d 373, 381 (3d Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Alternatively, to excuse his default under the "fundamental miscarriage of justice" exception, Bishop must

---

[2] Although Bishop styles this claim as a Fourteenth Amendment due process claim, it is properly characterized as a Sixth Amendment compulsory process claim.

demonstrate actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324–26 (1995). Bishop has failed to show either cause and prejudice or actual innocence. For this reason alone, this claim fails.[3] Regardless, even assuming Bishop's claim is not procedurally defaulted, it is meritless.

The Sixth Amendment right to compulsory process "protects the presentation of the defendant's case from unwarranted interference by the government, be it in the form of an unnecessary evidentiary rule, a prosecutor's misconduct, or an arbitrary ruling by the trial judge." *See Gov't of V.I. v. Mills*, 956 F.2d 443, 445 (3d Cir. 1992). To establish a violation of this right, Bishop must show: "[1] that he was deprived of the opportunity to present evidence in his favor; [2] that the excluded testimony would have been material and favorable to his defense; and [3] that the deprivation was arbitrary or disproportionate to any legitimate evidentiary or procedural purpose." *United States v. Zemba*, 59 F. App'x 459, 467 (3d Cir. 2003) (quoting *Mills*, 956 F.2d at 446). A judge's decision to exclude an inadmissible hearsay statement fails to satisfy the arbitrary or disproportionate prong. *See Richardson v. Gov't of V.I.*, No. F1/1996, 2011 WL 4357329, at *5–7 (D.V.I. Sept. 16, 2011) (finding the trial court's decision to exclude hearsay testimony was not a ground for relief under the compulsory process clause), *aff'd sub nom. Gov't of V.I. v. Richardson*, 513 F. App'x 199 (3d Cir. 2013).

---

[3] Bishop argues the R&R should have applied the procedural default exception test set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012) rather than the test set forth in *Edwards v. Carpenter*, 529 U.S. 446 (2000). Bishop's argument is misguided. *Martinez* applies where a petitioner is raising a claim of ineffective assistance of trial counsel. Here, Bishop is asserting a Sixth Amendment compulsory process claim. Therefore, *Martinez* does not apply. Regardless, even if *Martinez* applied, his claim would still fail because, as discussed below, it is meritless. *See id.* at 14 (stating, to excuse an unexhausted claim of ineffective assistance of counsel, a petitioner must show that the underlying claim is "a substantial one, which is to say that the prisoner must demonstrate the claim has some merit").

The trial judge's decision to exclude testimony from McFadden's parents about an alleged conversation with Gadson, an unavailable government witness, was not arbitrary.[4] McFadden's parents would have testified that "Gadson approached them several months after he testified at the preliminary hearing and apologized to them for testifying against their son, stating that the police forced him to do so." *See* Mem., *Commonwealth v. Bishop*, No. 343 EDA 2004, at 3–4 (Pa. Super. Ct. July 22, 2005). As the trial judge and the R&R found, the proffered testimony from McFadden's parents is hearsay. It seeks to introduce Gadson's out-of-court statement to establish that he lied at Bishop and McFadden's preliminary hearing. *See* Pa. R. Evid. 801(c) ("'Hearsay' means a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."). Moreover, the proffered hearsay testimony is not subject to an exception under the Pennsylvania Rules of Evidence. *See, e.g.*, Pa. R. Evid. 802 ("Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute."). The proffered testimony is thus inadmissible hearsay. As a result, the trial judge's decision to exclude the testimony of McFadden's parents regarding Gadson's statements was not arbitrary and this claim is meritless. *See Richardson*, 2011 WL 4357329, at *5-7. Therefore, even assuming Bishop's claim is excused from procedural default, it is meritless and he is not entitled to relief.

**CONCLUSION**

In sum, because the Court finds no error in the R&R's analysis and Bishop's objections meritless, the Court will overrule the objections, approve and adopt the R&R, and deny the petition.

An appropriate order follows.

---

[4] For the purposes of this analysis, the Court assumes Bishop was deprived of an opportunity to present evidence and McFadden's parent's testimony was material and favorable to his defense.

5

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.